UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHAD VALIANT                                                    CIVIL ACTION

VERSUS                                                          NO. 14-2972

PAUL PRUDHOMME, ET AL.                                          SECTION "H" (3)

**ORDER**

Before the Court is the Motion to Dismiss [Doc. #11] filed by defendants. Plaintiff Chad Valiant opposes the motion. Having reviewed the motion, the opposition, and the case law, the Court rules as follows.

**I.     Background**

Plaintiff Chad Valiant ("plaintiff") is a former employee of K-Paul's Louisiana Kitchen, Inc. ("K-Paul's"). [Doc. #1 at ¶ 2.]. K-Paul's terminated his employment on November 7, 2012. [*Id.* at ¶ 66]. Plaintiff filed two charges with the Equal Employment Opportunity Commission ("EEOC") against K-Paul's, K-Paul's Louisiana Kitchen, and Bill Champagne for sex discrimination. [*Id.* at ¶ 34]. Plaintiff did not file the EEOC charges against the named defendants here. [*See id.*]. The EEOC rendered a no-cause determination and issued plaintiff a right-to-sue letter on September 29, 2014. On December 29, 2014, plaintiff then sued defendants under Title VII of the Civil Rights Act of 1964. [Doc. #1.].

Specifically, plaintiff asserts claims for sex discrimination, hostile work environment, and retaliation under Title VII. [Id. at ¶¶ 71-90]. Plaintiff also asserts state-law claims of negligence, negligent retention, and intentional infliction of emotional distress. [*Id.* at ¶¶ 91-102]. Plaintiff further contends that defendants violated the employee manual of K-Paul's Louisiana Kitchen, Inc. [*See id.* at ¶¶ 9, 31, 37, 43, 72, 78, 92, 93, 95, 98]. Defendants now seek to dismiss plaintiff's complaint on the ground that the Court lacks subject-matter jurisdiction over his complaint, and he fails to state a claim on which relief may be granted.

## II.     Standard of Review

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject-matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). "Courts may dismiss for lack of subject matter jurisdiction on any one of three bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). The plaintiff bears the burden of demonstrating that subject matter jurisdiction exists. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). When a Rule 12(b)(1) motion is filed with other Rule 12 motions – as is the case here – the Court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam).

When examining a factual challenge to subject matter jurisdiction under Rule 12(b)(1),

which does not implicate the merits of plaintiff's cause of action, the district court has substantial authority "to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997); *see also Clark*, 798 F.2d at 741. Accordingly, the Court may consider matters outside the pleadings, such as testimony and affidavits. *See Garcia*, 104 F.3d at 1261. Moreover, a court's dismissal of a case for lack of subject-matter jurisdiction is not a decision on the merits, and the dismissal does not prevent the plaintiff from pursuing the claim in another forum. *See Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).

**III.    Analysis**

"Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002). A plaintiff meets this requirement if he (1) files a timely charge with the EEOC, and (2) receives a right to sue letter. *Id.* The question before the Court is whether the exhaustion requirement in Title VII is merely a condition precedent subject to equitable modification, or whether it is jurisdictional – as defendant argues – the failure to comply with which mandates dismissal. The answer lies somewhere in the thicket of a particularly thorny intra-circuit split. *Compare Pinkard v. Pullman–Standard, a Div. of Pullman, Inc.*, 678 F.2d 1211, 1215 (5th Cir. 1982) ("We hold that receipt of a right-to-sue letter is a condition precedent to a Title VII claim rather than a jurisdictional prerequisite."), and *Julian v. City of Hous., Tex.*, 314 F.3d 721, 725 n.3 (5th Cir. 2002) ("Our Title VII cases hold that 'receipt of a right-to-sue letter is not jurisdictional but a condition precedent subject to equitable modification.'") (quoting *McKee v. McDonnell Douglas Technical Servs. Co., Inc.*, 705 F.2d 776, 777 n. 2 (5th Cir. 1983)), and *Taylor*, 296 F.3d at 379 ("[The] filing of an EEOC

charge is not a jurisdictional prerequisite."), with *Tolbert v. United States*, 916 F.2d 245, 247 (5th Cir. 1990) ("[I]t is the well-settled law of this circuit that each [Title VII] requirement is a prerequisite to federal subject matter jurisdiction."), and *Randel v. U.S. Dep't of Navy*, 157 F.3d 392, 395 (5th Cir. 1998) ("If the claimant fails to comply with either of the[ ] [Title VII] requirements then the court is deprived of jurisdiction over the case."), and *Filer v. Donley*, 690 F.3d 643, 648 (5th Cir. 2012) ("The court correctly held that it lacked jurisdiction to consider the other [Title VII] allegations as to which [the plaintiff] failed to exhaust his administrative remedies."); *see also Pacheco v. Mineta*, 448 F.3d 783, 788 n.7 (5th Cir. 2006) (acknowledging the split in authority).

Be it a condition precedent or a requirement to exercise subject-matter jurisdiction, it is well-established law that "a party not named in an EEOC charge may not be sued under Title VII unless there is a clear identity of interest between it and the party named in the charge or it has unfairly prevented the filing of an EEOC charge." *Way v. Mueller Brass Co.*, 840 F.2d 303, 307 (5th Cir. 1988) (citing *Romain v. Kurek*, 772 F.2d 281, 283 (6th Cir. 1985)). Plaintiff argues that K-Paul's and defendants are all inter-related "DBA" (doing business as) entities. While the Court recognizes that Chef Paul Prudhomme is listed on K-Paul's website as its chef and owner, the Court finds that plaintiff's amended complaint dispels any need to wade into the morass of any analysis as to the identity of interests between the parties.[1]

Because plaintiff filed no EEOC charges against the individual defendants here, the Court either lacks subject-matter jurisdiction over his complaint or he has failed to meet the condition precedent to a Title VII lawsuit against them. However, plaintiff amended his complaint on

---

[1] In any event, the Court notes that "[i]ndividuals are not liable under Title VII in either their individual or official capacities." *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 382 n.1 (5th Cir. 2003) (citing *Smith v. Amedisys Inc.*, 298 F.3d 434, 448-49 (5th Cir. 2002)).

February 26, 2015 to name K-Paul's Louisiana Kitchen (also known as K-Paul's Louisiana Kitchen, Inc. and K-Paul's) and K-Paul's as defendants. Plaintiff had the right to do so. *See* Fed. R. Civ. P. 15(a)(1)(B) ("A party may amend its pleadings once as a matter of course . . . 21 days after service of a motion under Rule 12(b), (e), or (f). . . .").[2] Counsel for defendants recognizes that plaintiff has now acknowledged that K-Paul's Louisiana Kitchen, Inc. and K-Paul's are the proper defendants. [Doc. #24 at p. 4]. Counsel will waive service against these two entities [*id.*], against whom plaintiff filed EEOC charges, thus meeting the condition precedent to a Title VII lawsuit and curing any jurisdictional defect.

In addition, plaintiff has withdrawn his state-law claims of negligence, negligent retention, and intentional infliction of emotional distress in his amended complaint as he concedes that those claims have prescribed. [Doc. #19 at p. 7]. Plaintiff also admits that he asserts no claim for race discrimination under Title VII. [*Id.* at p. 12].

## IV.   Conclusion

For the foregoing reasons,

**IT IS ORDERED** that the Motion to Dismiss [Doc. #11] is GRANTED and the individual defendants, Paul Prudhomme, Brenda Miller, and Paul Miller, are dismissed without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's state-law claims are withdrawn, and any potential allegation of race discrimination under Title VII is dismissed without prejudice.

Plaintiff's claims against K-Paul's Louisiana Kitchen and K-Paul's remain viable at this time.

---

[2] Defendant filed its motion to dismiss on February 4, 2015. [Doc. #11]. Because plaintiff proceeds *pro se*, he receives service of all filings via United States Mail. At the absolute earliest, he would have received service of the motion on February 5, 2015. Because he filed his amended complaint on February 26, 2015 – 21 days from February 5, 2015 – his amended complaint is timely and filed in compliance with the federal rules.

This Order shall not be construed as weighing the merits of any cause of action against these two entities.

    New Orleans, Louisiana, this 30th day of April, 2015.

                                                                               **DANIEL E. KNOWLES, III**
                                                                               **UNITED STATES MAGISTRATE JUDGE**